UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert T. Quasius,

    Plaintiff,

v.                                                                    Civil No. 08-575 (JNE/JJG)
                                                                    ORDER

The Schwan Food Company and
Schwan's Global Supply Chain, Inc., a
division of The Schwan Food Company,

    Defendants.

      This case is before the Court on the request of The Schwan Food Company (Food Company) and Schwan's Global Supply Chain, Inc. (Global), for an order granting summary judgment dismissing Robert T. Quasius's claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (2000). For the reasons set forth below, the Court grants the request.

      Quasius brought suit against the Food Company and Global alleging violations of the ADA and the Minnesota Human Rights Act (MHRA), Minn. Stat. §§ 363A.01-.41 (2006). In an Order dated November 14, 2008, the Court dismissed Quasius's ADA claims to the extent they were based on discrete acts that occurred before September 17, 2005, and his MHRA claims as time-barred. In a letter dated December 16, 2008, Defendants now request an order granting summary judgment dismissing Quasius's remaining ADA claims based on his failure to respond to certain requests for admissions.

      In the November 14 Order, the Court noted Defendants' contention that Quasius had admitted that he was employed by Global and not by the Food Company by failing to respond to

1

Defendants' requests for admissions.[1]  At the time, the Court declined to grant summary judgment based on those admissions because Quasius's response brief and his counsel's argument at the hearing on the August 13 motion made it clear that Quasius claimed he was employed by the Food Company.  Instead, the Court granted Quasius until December 14, 2008, to move to amend or withdraw his responses.

December 14 passed without Quasius moving to amend or withdraw his responses.  Defendants' December 16 letter notes that the requests also sought admissions that Quasius had no specific knowledge of any specific incidents in which he was discriminated against, or retaliated against, by either defendant because of his claimed disability.  Pursuant to Federal Rule of Civil Procedure 36(a)(3), Quasius's lack of knowledge is deemed admitted.  Defendants base their request for summary judgment on that admission.  Quasius has not responded to Defendants' December 16 letter.

Defendants previously moved for summary judgment based in part on Quasius's failure to respond to the requests for admissions.  In its November 14 Order, the Court allowed Quasius to move to withdraw or amend his responses within thirty days.  Defendants requested summary judgment in their December 16 letter after Quasius decided not to withdraw or amend the responses within the allotted time.  The Court concludes that Quasius had sufficient advance notice and adequate opportunity to demonstrate why the Court should not grant summary judgment based on the matters admitted.  Summary judgment in favor of Defendants is proper because it is conclusively established that Quasius lacks knowledge of any incidents of discrimination or retaliation.  *See* Fed. R. Civ. P. 36(a) and (b) (matter requested is deemed admitted unless party answers, and any matter admitted is "conclusively established" unless

---

[1]  Defendants raised Quasius's failure to respond to their requests for admissions in their reply brief in support of their August 13 motion.  Quasius's responses were due after Defendants filed their opening brief.

party files motion to withdraw or amend admission); Fed. R. Civ. P. 56(c) (summary judgment is properly granted if the admissions on file show there is no genuine issue as to any material fact). The Court therefore grants summary judgment dismissing Quasius's remaining ADA claims against the Food Company and Global.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' request for summary judgment dismissing Quasius's ADA claims [Docket No. 28] is GRANTED.

2. Quasius's Complaint [Docket No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 23 2008

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge