UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert T. Quasius,

       Plaintiff,

v().                                                                                                                     Civil No. 08-575 (JNE/JJG)
                                                                                                                  ORDER

The Schwan Food Company and
Schwan's Global Supply Chain, Inc., a
division of The Schwan Food Company,

       Defendants.

      This case is before the Court on the request of Robert T. Quasius for reconsideration of an Order granting summary judgment dismissing his claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (2000). For the reasons set forth below, the Court denies the request.

      The Court sets forth the operative facts in the following summary. On August 8, 2008, Defendants served requests for admissions on Quasius via U.S. Mail. Defendants moved for summary judgment on August 13. On September 22, Defendants raised Quasius's failure to respond to the requests for admission in their reply memorandum in support of the August 13 motion.[1] At the October 10 hearing on Defendants' motion, counsel for Quasius indicated that she had overlooked the requests for admissions because they were served as one part of a set of discovery requests. The Court asked if any motions relating to the requests for admissions were pending in front of the magistrate judge, and counsel for Quasius responded that no motions were pending. Quasius served his responses to the requests on October 10.

      In an Order dated November 14, the Court declined to grant summary judgment based on Quasius's admissions. Instead, the Court set a deadline of December 14 for Quasius to move to

---

[1]    Quasius's responses to the requests for admission came due after Defendants filed their opening brief.

1

amend or withdraw his responses. Quasius made no such motion, and Defendants filed a letter on December 16 seeking summary judgment based on Quasius's admissions that he had no specific knowledge of any specific incidents in which he was discriminated against, or retaliated against, by either defendant because of his claimed disability. Quasius did not respond to Defendants' letter, and the Court granted summary judgment on December 23. Quasius requested reconsideration on December 24. Defendants responded to his request on January 5, 2009.

Although Local Rule 7.1(g) sets forth procedures for motions to reconsider, the Eighth Circuit has called into question the applicability of this rule to post-judgment motions because the Federal Rules of Civil Procedure expressly authorize motions to alter or amend judgment. *DuBose v. Kelly*, 187 F.3d 999, 1002 n.1 (8th Cir. 1999). The Court is therefore "put in the difficult position of deciding whether [Quasius's request for reconsideration] is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Because Quasius makes arguments encompassed by Rules 59(e) and 60(b), the Court considers Quasius's request under both rules.

The Court first analyzes Quasius's request under Rule 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted). The Court "has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Id.*

Quasius contends that no motion to withdraw or amend his responses was necessary because he did not affirmatively make any substantive admissions, and in fact denied that he had no specific knowledge of specific incidents of discrimination or retaliation in his October 10

2

responses. The Court construes this as an argument that the Court's decision granting summary judgment based on Quasius's admissions was an error of law.

Rule 36(a)(3) of the Federal Rules of Civil Procedure states:

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Defendants served their requests on Quasius via U.S. Mail on August 8. Accordingly, Quasius's responses were due on September 10. *See* Fed. R. Civ. P. 36(a)(3), 6(d). Quasius served his responses on October 10. The matters contained within the requests for admission were deemed admitted because Quasius did not serve his responses "within 30 days after being served."[2] *See* Fed. R. Civ. P. 36(a)(3); *see also Manatt v. Union Pac. R. Co.*, 122 F.3d 514, 516-17 (8th Cir. 1997) ("Rule 36(a) provides that each matter requested is deemed admitted unless the responding party serves a written answer or objection within 30 days." (quotation marks omitted)). Quasius's reliance on his untimely responses is unavailing because, pursuant to the operation of Rule 36, he admitted the matters contained within the requests.

Moreover, Quasius's late responses are insufficient to negate the effect of his admissions. Rule 36 provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). For this reason, the Court granted Quasius until December 14 to move to withdraw or amend his admissions. Quasius made no such motion, and now argues that he was unable to make any such motion because there was nothing in his late responses requiring withdrawal or amendment.

---

[2]   Quasius does not contend that the parties stipulated to a longer time for responding under Rule 29.

This argument is unpersuasive because it ignores the fact that Quasius admitted the matters contained within the requests by failing to respond on or before September 10.

Quasius also contends that the Court declined to deem the matters admitted in its November 14 Order. This contention is incorrect. After stating on page 13 of the November 14 Order that "[f]ailing to timely respond to a request for admission results in the matter being deemed admitted," the Court declined to grant summary judgment *at that time* based on Quasius's failure to timely respond to Defendants' requests for admission. Instead, the Court granted Quasius until December 14 to move to withdraw or amend his responses.

Finally, it was not an error of law to grant summary judgment based on Quasius's admissions. It was conclusively established that Quasius had no specific knowledge of any specific incidents of discrimination or retaliation based on his alleged disability. *See* Fed. R. Civ. P. 36(a)(3), (b). Courts may rely on admissions made through operation of Rule 36 when granting summary judgment. *See, e.g.*, *In re Carney*, 258 F.3d 415, 418-21 (5th Cir. 2001); *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992). The Court discerns no manifest error of law or fact that would justify alteration or amendment of the judgment under Rule 59(e).

The Court now considers Quasius's request for reconsideration under Rule 60(b). "Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Assoc.*, 92 F.3d 752, 755 (8th Cir. 1996). Whether to grant a Rule 60(b) motion is committed to the sound discretion of this Court. *See id.* The rule authorizes relief only in the most exceptional of cases. *Int'l B'hd of Elec. Workers, Local 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002).

Quasius contends that his attorney could not respond to Defendants' December 16 letter requesting summary judgment because she was unable to access her correspondence due to out-of-state travel the week the letter was filed and illness the following Monday. An attorney's decision to become incommunicado for over a week without providing for coverage of an active litigation matter by another attorney does not constitute excusable neglect under Rule 60(b). *See Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). Further, Defendants served their December 16 letter on another attorney of record for Quasius via the CM/ECF system. The Court cannot conclude that the failure of two attorneys of record to respond to a letter requesting summary judgment, even if only to notify the Court that the lead attorney was unable to respond until returning from out-of-state travel, is excusable neglect under Rule 60(b).

To the extent that Quasius argues that he misunderstood the operation of Rule 36 or the November 14 Order granting him 30 days to move to withdraw or amend his admissions, these arguments are unavailing. "While a court may properly find excusable neglect where the language of a rule is ambiguous or susceptible to multiple interpretations or where an apparent conflict exists between two rules, the failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000) (quotation marks omitted). The language of Rule 36 is clear. Similarly, the November 14 Order was explicit that failure to timely respond to a request for admission results in the matter being deemed admitted, that the Court was permitted to grant summary judgment based on those admissions but declined to do so *at that time*, and that Quasius had until December 14 to move to withdraw or amend his admissions. Counsel's misunderstanding of Rule 36 or the November 14 Order does not constitute excusable neglect under Rule 60(b).

The Court "recognize[s] the potential harshness of this result" in that Quasius's failure to timely respond to request for admissions effectively deprived him of a decision on the merits of

5

his case.  *See Carney*, 258 F.3d at 421 (quoting *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)).  "This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure.  In addition, the harshness is tempered by the availability of the motion to withdraw admissions, a procedure which [Quasius] did not employ."  *See Kasuboski*, 834 F.2d at 1350.  For these reasons, the Court declines to grant relief from judgment under Rule 60(b).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Quasius's motion under Rules 59(e) and 60(b) is DENIED.

Dated:  January 15, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge
